IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

ROBERT PLUMA,

                            PLAINTIFF,

          vs.

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE SERGEANT
CARL SORECO, NEW YORK CITY POLICE
OFFICER MEGHAN O'LEARY, NEW YORK CITY
POLICE OFFICER CHRISTOPHER VEGA, NEW
NEW YORK CITY POLICE OFFICER "JOHN DOE"
SHIELD NO. 26990, NEW YORK CITY POLICE
OFFICER "JOHN DOE" SHIELD NO. 29615, NEW
YORK CITY POLICE OFFICER "JOHN DOE"
SHIELD NO. 11395, NEW YORK CITY POLICE
OFFICER "JOHN DOE" SHIELD NO. 3076, NEW
YORK CITY POLICE OFFICER " JOHN DOE SECOND
PEPPER SPRAY OFFICER", NEW YORK CITY POLICE
OFFICER "JOHN DOE INCIDENT COMMANDER"
and NEW YORK CITY POLICE OFFICERS
"JOHN DOES 1-50"

                           DEFENDANTS.

Index No. 13cv2017 (TPG)
ECF CASE

AMENDED
COMPLAINT
[JURY TRIAL
 DEMANDED]

───────────────────────────────

      Plaintiff ROBERT PLUMA, by his attorneys, STECKLOW COHEN &

THOMPSON, complaining of the defendants, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

    **1.**      Plaintiff ROBERT PLUMA brings this action for compensatory damages,

punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988

for violations of his civil rights, as said rights are secured by said statutes and the

Constitutions of the State of New York and the United States.

2.      The Plaintiff ROBERT PLUMA was peaceably assembled at Zuccotti Park on the evening of December 31, 2011, intending to welcome in the New Year with his girlfriend, and with other citizens who believed in the goals of the Occupy Wall Street movement.  An overwhelming force of New York City Police officers was present. These officers initiated physical confrontations with other individuals at Zuccotti Park. The police officers needlessly escalated these confrontations into violence.  In so doing, multiple police officers used metal fencing as a weapon to push the crowd.  The same or other police officers deployed pepper spray across a group including civilians of which Mr. Pluma was a part.  The Plaintiff was injured when he was blinded by the pepper spray, pushed and fell, breaking his dominant hand in a way that required surgery and rehabilitation.

## II. JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

4.      Plaintiff ROBERT PLUMA further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

### IV. JURY DEMAND

**6.** Plaintiff ROBERT PLUMA respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### COMPLIANCE WITH GEN. MUN. LAW § 50-I

**7.** A notice of claim was made and served upon the City of New York in compliance with section fifty-e of this chapter, and at least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused, and this action or special proceeding is commenced within one year and ninety days after the happening of the events upon which the claim is based.

### V. THE PARTIES

**8.** Plaintiff ROBERT PLUMA ("the Plaintiff") is a resident of the State of New York.

**9.** Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

**10.** Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

**11.** That at all times hereinafter mentioned, Defendant POLICE SERGEANT CARL SORECO ("Defendant POLICE SERGEANT SORECO") was a duly sworn

3

police sergeant of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

**12.**     That at all times hereinafter mentioned, Defendant POLICE OFFICER MEGHAN O'LEARY ("Defendant POLICE OFFICER O'LEARY") was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to her official duties.

**13.**     That at all times hereinafter mentioned, Defendant POLICE OFFICER CHRISTOPHER VEGA ("Defendant POLICE OFFICER VEGA") was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

**14.**     That at all times hereinafter mentioned, the Defendant POLICE OFFICERS "John Does 1-50" were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties. Photographs of eight of the Defendant POLICE OFFICERS "John Does 1-50" are attached hereto as **Exhibit A.**

**15.**     That at all times hereinafter mentioned, Defendant POLICE OFFICER "John Doe" SHIELD NO. 26990 was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties. Defendant POLICE OFFICER "John Doe" SHIELD NO. 26690 can be seen on Page 8 of Plaintiff's **Exhibit A**, attached hereto.

**16.**     That at all times hereinafter mentioned, Defendant POLICE OFFICER "John Doe" SHIELD NO. 29615 was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and

4

according to his official duties. Defendant POLICE OFFICER "John Doe" SHIELD No. 29615 can be seen on Page 9 of Plaintiff's **Exhibit A**, attached hereto.

**17.** That at all times hereinafter mentioned, Defendant POLICE OFFICER "John Doe" SHIELD NO. 11395 was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

**18.** That at all times hereinafter mentioned, Defendant POLICE OFFICER "John Doe" SHIELD NO. 3076 was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

**19.** That at all times hereinafter mentioned, Defendant NEW YORK CITY POLICE OFFICER "JOHN DOE SECOND PEPPER SPRAY OFFICER" was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

**20.** That at all times hereinafter mentioned, Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER" was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

**21.** Plaintiff ROBERT PLUMA will amend this complaint to name Defendant POLICE OFFICER "John Doe" SHIELD NO. 26990, Defendant POLICE OFFICER "John Doe" SHIELD NO. 29615, Defendant POLICE OFFICER "John Doe" SHIELD NO. 11395, Defendant POLICE OFFICER "John Doe" SHIELD NO. 3076, Defendant POLICE OFFICER "JOHN DOE SECOND PEPPER SPRAY OFFICER", Defendant

5

POLICE OFFICER "JOHN DOE INCIDENT COMMANDER", and the Defendant POLICE OFFICERS "John Does 1-50", as their identities can be established to a reasonable certainty.

**22.** Defendant POLICE SERGEANT SORECO, Defendant POLICE OFFICER O'LEARY, Defendant POLICE OFFICER VEGA, Defendant POLICE OFFICER "John Doe" SHIELD NO 26990, Defendant POLICE OFFICER "John Doe" SHIELD NO 29615, Defendant POLICE OFFICER "John Doe" SHIELD NO. 11395, Defendant POLICE OFFICER "John Doe" SHIELD NO. 3076, Defendant POLICE OFFICER "JOHN DOE SECOND PEPPER SPRAY OFFICER", Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER", and the Defendant POLICE OFFICERS "John Does 1-50" will be collectively referred to as the Defendant POLICE OFFICERS.

**23.** That at all times relevant to this action, the Defendant POLICE OFFICERS either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

**24.** Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope and in furtherance of their employment by Defendant THE CITY OF NEW YORK, and were acting under the supervision of said department and according to their official duties.

## VI. FACTS COMMON TO ALL CLAIMS

**25.** On the evening of December 31, 2011, the Plaintiff went to Zuccotti Park with his girlfriend.

**26.** The Plaintiff and his girlfriend chose to go to Zuccotti Park to welcome in the New Year with hopeful reflection upon the efforts of Occupy Wall Street to bring greater democracy and a fairer economic system to our country.

**27.** Zuccotti Park is open 24 hours, and the park was open that evening.

**28.** At the time the Plaintiff arrived, the police had set up metal barricades that surrounded most or all of the park.

**29.** Entry to the park was permitted only through gaps in these barricades, which were guarded by police.

**30.** There was an overwhelming police presence at the park; however, the police permitted people to enter the park.

**31.** Those entering the park were subjected to search, although such search was probably unlawful under the circumstances.

**32.** The Plaintiff and his girlfriend entered the park and prepared to observe the approaching New Year.

**33.** The Plaintiff and others peacefully remained in the park for some time.

**34.** The Plaintiff became aware of activity in his vicinity.

**35.** The Plaintiff, acting as a citizen journalist, began to film the event.

**36.** The Defendant POLICE OFFICERS used a metal barricade as a battering ram against a group of civilians within Zuccotti Park, of which the Plaintiff was a part.

**37.** Specifically, they lifted the metal barricade off the ground to above waist height, and pushed the metal into the group, pushing the group of people backwards.

7

**38.** The purpose of the using the metal barricade as battering ram on the group of people was to push the group of people, including the Plaintiff, backwards and to knock them down.

**39.** Using the metal barricades, the police did in fact push the group of people backwards and knock some of them down. One of those knocked down was the Plaintiff.

**40.** While the metal barricade was pushing into this group of people, two police officers discharged pepper spray across the group of people.

**41.** The two officers that did this were Defendant POLICE OFFICER VEGA and JOHN DOE SECOND PEPPER SPRAY OFFICER.

**42.** The police officers targeted the group of people as a whole.

**43.** The pepper spray struck the group of people as a whole.

**44.** The plaintiff, who was in the group of people, was struck by the pepper spray.

**45.** As a result of being struck by the pepper spray and as a result of the use of the metal barricade as a battering ram, the plaintiff was blinded, incapacitated, pushed back and knocked down.

**46.** The plaintiff sustained the spiral fracture to his hand when he fell.

**47.** As a result of being blinded, incapacitated, pushed back and knocked down, the plaintiff's liberty of movement was restricted. The plaintiff was unable to walk without help. He was moved a few feet away, where he lay on the ground and vomited from the effects of the police assault.

8

**48.** The plaintiff remained at the scene for a significant period of time before the incapacitating effects of the assault ameliorated sufficiently for the plaintiff to move on his own.

**49.** The Plaintiff unsuccessfully sought medical help at the scene.

**50.** Unable to find help, the Plaintiff and his girlfriend went to the hospital.

**51.** The Plaintiff was found to have multiple spiral fractures of his left hand requiring surgery.

**52.** The Plaintiff underwent surgery several days later.

**53.** The Plaintiff underwent months of physical therapy.

**54.** During his recovery, the Plaintiff was unable to perform basic tasks like tying his own shoelaces.

**55.** The Plaintiff, who worked with computers, could not type effectively.

**56.** When the Plaintiff attempted to perform the daily tasks of life that required two hands, he felt severe pain and discomfort.

**57.** When the Plaintiff attempted to perform the daily tasks of life that required the strength and precision of his dominant hand, he suffered not only pain and discomfort, but also frustration and anger.

**58.** The Plaintiff suffered fear and anxiety that his main hand, with its spiral fracture, would never get back to normal.

**59.** As a result of his injury, the Plaintiff ceased to participate in Occupy Wall Street events.

**60.** When the Plaintiff lost his job, it was hard for him to do the things necessary to find a job, with his broken dominant hand.

61.     To this day, while the function of the Plaintiff's hand has returned to a large extent, the Plaintiff still feels discomfort and limited movement.

THE DEFENDANTS FAILED TO ADEQUATELY SUPERVISE<br>DEFENDANT P.O. VEGA

62.     On December 31, 2011, Defendant POLICE OFFICER VEGA was on duty at Zuccotti Park.

63.     On December 31, 2011, Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER" was the member of the NYPD who was the highest unformed ranking police supervisor assuming command.

64.     As the Incident Commander of the Occupy Wall Street event at Zuccotti Park on December 31, 2011 through January 1, 2012, Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER" was responsible for the overall management of the policing activities concerning the event.

65.     As described within Section 213-11 of the NYPD Patrol Guide, *Policing Special Events/Crowd Control,* as the Incident Commander of the OWS event at Zuccotti Park on December 31, 2011 through January 1, 2012, Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER" was responsible for the command, control and coordination of all incident operations.

66.     Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER" was the member of the NYPD who was ultimately responsible for the supervision of Defendant P.O. Christopher Vega.

67.     Defendant POLICE OFFICER VEGA lifted one of the metal barricades that the police had lined the park with and swung the barricade at a nearby demonstrator.

**68.** Photographs depicting the actions undertaken by Defendant POLICE OFFICER VEGA as described in the preceding paragraph are attached hereto as **Exhibit B.**

**69.** At some point before Defendant POLICE OFFICER VEGA swung the metal barricade at the demonstrator, Defendant POLICE OFFICER VEGA allegedly suffered a slight cut to his hand while carrying out his policing duties.

**70.** Upon information and belief, Defendant POLICE OFFICER VEGA blamed one or more of the OWS demonstrators for the injury.

**71.** Upon information and belief, the injury influenced Defendant POLICE OFFICER VEGA's mental and emotional state, causing him to become violent and aggressive.

**72.** Following the alleged injury, Defendant POLICE OFFICER VEGA is angry because he has suffered a slight cut and blames a demonstrator.

**73.** Defendant POLICE OFFICE VEGA carried out his aggression and violence against the demonstrators by lifting a metal barricade to hit one of the demonstrators in the face.

**74.** Upon information and belief, Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER", and the Defendant POLICE OFFICERS "John Does 1-50" with supervisory authority over Defendant POLICE OFFICER VEGA observed or should have observed that Defendant POLICE OFFICER VEGA was acting in an overly-aggressive and needlessly-violent manner.

**75.** Upon observing Defendant POLICE OFFICER VEGA's conduct, Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER" and/or the

11

Defendant POLICE OFFICERS "John Does 1-50" with supervisory authority over Defendant POLICE OFFICER VEGA should have removed Defendant POLICE OFFICER VEGA from his current policing activities.

**76.**     Defendant POLICE OFFICER VEGA should not have been permitted to continue to have contact with the public.

**77.**     Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER", and the Defendant POLICE OFFICERS "John Does 1-50" with supervisory authority over Defendant POLICE OFFICER VEGA should have known that Defendant POLICE OFFICER VEGA had a propensity to engage in unjustified physical confrontations with civilians.

**78.**     The Defendant POLICE OFFICERS "John Does 1-50's" with supervisory authority over Defendant POLICE OFFICER VEGA and Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER's" failure to remove Defendant POLICE OFFICER VEGA from his current policing activities constituted negligent supervision.

**79.**     Upon information and belief, Defendant THE CITY OF NEW YORK failed to train Defendant POLICE OFFICER VEGA to not use unnecessary force against civilians while policing a demonstration.

**80.**     Defendant THE CITY OF NEW YORK failed sufficiently to train Defendant POLICE OFFICER VEGA to exercise self-control and self-restraint while policing a demonstration.

**81.**     Had the Defendant POLICE OFFICERS "John Does 1-50" and Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER" properly supervised Defendant POLICE OFFICER VEGA, Defendant POLICE OFFICER VEGA would have

been prevented from engaging in the negligent, reckless, and needlessly violent and aggressive conduct that resulted in the Plaintiff's injury, as described herein.

## FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

**82.**     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**83.**     All of the aforementioned acts of the Defendant POLICE OFFICERS, their agents, servants and employees, were carried out under the color of state law.

**84.**     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

**85.**     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

**86.**     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

**87.**     The Defendant POLICE OFFICERS collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that

13

constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**88.** As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**89.** As a result of the Defendant POLICE OFFICERS ' impermissible conduct, the Plaintiff demands judgment against the Defendant POLICE OFFICERS in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

**90.** Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**91.** Plaintiff was subjected to excessive and unjustified force in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983 by the Defendant POLICE OFFICERS.

**92.** As a result of the above constitutionally impermissible conduct by the Defendant POLICE OFFICERS, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**93.** As a result of the Defendant POLICE OFFICERS ' impermissible conduct, the Plaintiff demands judgment against the Defendant POLICE OFFICERS in

14

an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

**94.**     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**95.**     The Defendant POLICE OFFICERS had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights.

**96.**     Defendant POLICE SERGEANT SORECO, Defendant POLICE OFFICER O'LEARY, Defendant POLICE OFFICER "John Doe" SHIELD NO. 26990, Defendant POLICE OFFICER "John Doe" SHIELD NO. 29615, Defendant POLICE OFFICER "John Doe" SHIELD NO. 11395, Defendant POLICE OFFICER "John Doe" SHIELD NO. 3076, Defendant POLICE OFFICER "JOHN DOE SECOND PEPPER SPRAY OFFICER", Defendant POLICE OFFICER "JOHN DOE INCIDENT COMMANDER", and the Defendant POLICE OFFICERS "John Does 1-50" were present when Plaintiff was injured, and chose not to intervene during any of the events leading up to Plaintiff's injury, despite having realistic opportunities to do so.

**97.**     The Defendant POLICE OFFICERS chose not to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having had realistic opportunities to do so.

**98.**     The Defendant POLICE OFFICERS chose not to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having substantially

contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct.

**99.** As a result of the aforementioned conduct of the Defendant POLICE OFFICERS, Plaintiff's constitutional rights were violated.

**100.** As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**101.** As a result Defendant POLICE OFFICERS' impermissible conduct, the Plaintiff demands judgment against the Defendant POLICE OFFICERS in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF

### [DELETED]

**102.**

**103.**

**104.**

**105.**

**106.**

**107.**

### FIFTH CLAIM FOR RELIEF

### STATE LAW — ASSAULT

**108.** Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**109.**    The Defendants engaged in physical conduct placing the Plaintiff in imminent apprehension of harmful contact.

**110.**    As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**111.**    As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

SIXTH CLAIM FOR RELIEF

STATE LAW — BATTERY

**112.**    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**113.**    The Defendants, without privilege or consent, intentionally made bodily contact with the Plaintiff which was offensive in nature.

**114.**    As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**115.**    As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

## SEVENTH CLAIM FOR RELIEF

## STATE LAW — NEGLIGENCE

**116.**     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**117.**     The Defendants employed physical force against third parties in the vicinity of the Plaintiff.

**118.**     The Defendants released gaseous toxins in the vicinity of the Plaintiff.

**119.**     The Defendants owed a duty of care not to engage in these activities in the vicinity of the Plaintiff; or, in the alternative, the Defendants had a duty to do so in a manner that would not injure the Plaintiff.

**120.**     In breach of these duties, the Defendants employed physical force against third parties and released gaseous toxins in a manner that physically injured the Plaintiff.

**121.**     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**122.**     As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

## EIGHTH CLAIM FOR RELIEF

## STATE LAW — RESPONDEAT SUPERIOR

**123.**     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**124.** The acts complained of were carried out by the aforementioned Defendant POLICE OFFICERS in their capacities as police officers, officials, and agents of the City of New York.

**125.** As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**126.** The acts complained of were carried out by the aforementioned Defendant POLICE OFFICERS in their capacities as police officers and officials in the course of their employment by Defendant THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

**127.** As a result, the Defendant THE CITY OF NEW YORK is liable to the Plaintiff for the injuries and other damages caused by its police officers, officials, and agents on a theory of *respondeat superior*.

**128.** As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

## NINTH CLAIM OF RELIEF

### STATE LAW — NEGLIGENT HIRING, RETENTION TRAINING AND SUPERVISION

**129.** Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**130.** Defendant The City of New York hired, trained, and supervised the Defendant POLICE OFFICERS who caused the injuries to the Plaintiff.

**131.** Defendant THE CITY OF NEW YORK hired the Defendant POLICE OFFICERS without regard to their propensity to use excessive or reckless force, or to unlawfully violate the constitutional rights of citizens.

**132.** Defendant THE CITY OF NEW YORK retained the Defendant POLICE OFFICERS despite knowledge of their use of excessive or reckless force, or repeated violations of citizens' constitutional rights.

**133.** Defendant THE CITY OF NEW YORK failed to train the Defendant POLICE OFFICERS not to use excessive or reckless force, or to unlawfully violate the constitutional rights of citizens.

**134.** Defendant The City of New York failed to supervise the Defendant POLICE OFFICERS to ensure that they did not to use excessive or reckless force, or to unlawfully violate the constitutional rights of citizens.

**135.** As a result of the above constitutionally impermissible conduct, Plaintiff ROBERT PLUMA was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**136.** As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

## TENTH CLAIM FOR RELIEF

## VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION OF THE STATE OF NEW YORK

137. Plaintiff repeats, reiterates, and re-alleges each and every allegation

contained in the above paragraphs with the same force and effect as if fully set forth

herein.

138. As a result of the aforesaid conduct of Defendant THE CITY OF NEW

YORK and the Defendant POLICE OFFICERS, the Plaintiff was deprived of rights

guaranteed to him by the New York State Constitution, including though not limited to:

A. The right of the people to freely speak their sentiments on all subjects as described in Article I §8 of the New York State Constitution.

B. The right of the people to peaceably assemble to petition the government, or any department thereof as described in Article I §9 Subsection 1 of the New York State Constitution.

C. The right of the people to be free from excessive force under Article I §12 of the New York State Constitution.

139. The acts complained of were carried out by the Defendant POLICE

OFFICERS in their capacities as police officers, with all of the actual and/or apparent

authority attendant thereto, pursuant to the customs, usages, practices, procedures, and

the rules of Defendant THE CITY OF NEW YORK and the NYPD.

140. The Defendant POLICE OFFICERS and Defendant THE CITY OF NEW

YORK, collectively and individually, while acting under color of state law violated the

Plaintiff's constitutional rights by engaging in conduct proscribed by the New York State

Constitution.

**141.** As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, out-of-pocket costs, and other special damages.

**142.** As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

ELEVENTH CLAIM FOR RELIEF

[DELETED]

**143.** As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court

assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the
interest of justice.

DATED:    New York, New York
            April 3, 2015

Respectfully submitted,

David A. Thompson [dt3991]
STECKLOW COHEN & THOMPSON
ATTORNEYS FOR PLAINTIFF
217 Centre Street, 6th Floor
New York, New York 10013
Phone:     (212) 566-8000
Fax:        (212) 202-4952
DTHOMPSON@WYLIELAW.COM