# DAVID A. THOMPSON
## STECKLOW COHEN & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
DAVE@SCTLAW.NYC

April 3, 2015

BY ECF
Chief Judge Loretta A. Preska
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/15

Re:  Pluma v. City of New York, 13-cv-2017-(LAP)

Dear Honorable Chief Judge Preska:

I write as counsel for the plaintiff in the above-captioned case. Please accept this letter seeking to clarify aspects of this Court's ruling of March 31, 2015 with respect to Plaintiff's state law claims, and further requesting a pre-motion conference in connection with Plaintiff's contemplated motion to amend his pleading to name several of the "John Doe" officers in this case by their proper names.

The plaintiff filed his Complaint in this action on March 26, 2013, stating five causes of action under federal law (claims 1-4 & 11), and six causes of action under state law (claims 5-10). The Complaint named the City of New York and certain "John Doe" police officer defendants. The eighth cause of action was a claim against the City of New York under state law, stating a claim under *respondeat superior* for the torts of the "John Doe" police officer defendants.

On June 26, 2014, the defendants filed a motion to dismiss the Complaint or alternatively to bifurcate the Monell claim. The defendants' motion, however, was confined solely to the federal causes of action stated in the Complaint. The defendants did not set forth a basis for dismissal of the claims under state law, and the defendants' motion did not put the plaintiff on notice that the defendants sought to dismiss these claims. Accordingly, the plaintiff's opposition, filed on August 12, 2014, did not address the plaintiff's state law claims. (See docket item 14). The defendants' reply, as well, was confined to arguments concerning the federal causes of action.

On March 31, 2015, this Court issued its ruling on the motion to dismiss, granting that motion as to two of the federal causes of action only (specifically, the fourth and eleventh causes of action). However, the Court's ruling stated that the City of New York is dismissed as a party to the action. There is an apparent conflict between the Court's denial of the defendants' motion to dismiss except

1

as to claims four and eleven, and the statement that the City of New York, a defendant to the state law claims pursuant to *respondeat superior* is dismissed as a party to the action as a whole. The plaintiff therefore respectfully requests that the Court clarify whether the City of New York is dismissed as a party to the federal claims **only**, or whether the Court's decision encompasses, and dismisses, the plaintiff's claim against the municipality pursuant to *respondeat superior* and state law.

If the latter is the case, the plaintiff respectfully requests that the Court set a briefing schedule to entertain a motion for reconsideration of the Court's ruling insofar as it reaches the plaintiff's claims under state law. Such a motion would not be frivolous. It is a general rule that "a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court." *Pizzuti v. United States*, 2014 U.S. Dist. LEXIS 135586 (S.D.N.Y. Sept. 16, 2014) (citations and quotations omitted). However, under these circumstances, the movant's motion failed to give notice that these issues were being placed before the Court for decision, and the plaintiff respectfully contends that his failure to address the state law claims is excusable.

Furthermore, there is no *per se* bar to the state law claims in question. There was a timely notice of claim in this case, and the complaint was timely filed to assert state law causes of action against the municipal party. Although the March 26, 2013 Complaint did not identify any police officers by name, generally, "vicarious liability can be imposed against a defendant even though the plaintiff has not also brought suit against those individuals whose tortious actions give rise to that liability." *Pierrelouis v. Bekritsky*, 2012 U.S. Dist. LEXIS 182295, *14-16 (S.D.N.Y. Dec. 21, 2012). Under New York law, it is not necessary to name individual police officers to state a claim against their municipal employers under *respondeat superior*. *See, e.g. Rock v. County of Suffolk*, 212 A.D.2d 587 (N.Y. App. Div. 2d Dep't 1995) (police officer tortfeasors not necessary parties to vicarious liability action against municipality). Thus, the March 26, 2013 Complaint in this action properly stated a claim against the municipal employer, the City of New York, despite not asserting claims against officers identified by their true names. *See Pierrelouis*, 2012 U.S. Dist. LEXIS 182295 at *14-16; *Rock*, 212 A.D.2d 587. For these reasons, the plaintiff believes that reconsideration of a dismissal of the state law municipal claim would be warranted.

In a related matter, the plaintiff respectfully requests that the Court grant a pre-motion conference for a motion to further amend the plaintiff's Complaint to add additional parties. The plaintiff filed this case in March 2013, more than twenty-one months prior to the end of the three year statute of limitations date for the plaintiff's federal claims, which was January 1, 2015. Normally, filing almost two years prior to the limitations date allows for the individual defendants to be identified and named well in advance of the limitation deadline. As the limitation date approached in this matter without the advancement of necessary discovery, the undersigned took steps to safeguard the plaintiff's claims against individual officers who were not identified or named in the original filing.

The plaintiff believes that individual officers may be named even after the statute of limitations date where "John Doe" officers have been named in the Complaint. *See Scott v. Village of Spring Valley*, 577 Fed. Appx. 81, 82 (2d Cir. N.Y. 2014); *Smith v. City of New York*, 1 F. Supp. 3d 114 (S.D.N.Y. 2013); *Abdell v. City of New York*, 759 F. Supp. 2d 450, 457 (S.D.N.Y. 2010). Nevertheless, for the avoidance of doubt, prior to the limitations date the plaintiff filed pleadings naming individual officers who upon information and belief participated in the police action at Zuccotti Park during which the plaintiff was injured. The plaintiff filed a federal case 14-cv-9969, properly designated as a related case to this one, naming P.O. Christopher Vega (who was also named in the Amended Complaint in this action), the two individuals identified by the defendants in their Rule 26(a) disclosures (Sgt. Paul Soreco and P.O. Meghan O'Leary), certain officers identified by NYPD shield number, and officers of supervisory rank who upon information and belief exercised or should have exercised authority to prevent the tortious acts from occurring. The plaintiff also filed a complaint in New York State Supreme Court naming additional police officers who, upon information and belief, were participants in the police action in question. These complaints were filed on December 17, 2014. None of the named officers have yet been served. The 120th day from filing is April 16, 2015.

Clearly, there should be only one action going forward, and it should be the first-filed action, which is the one before this Court. The plaintiff also believes that it would be most consistent with the interests of justice and judicial efficiency to limit the named individual defendants to those most directly and proximately involved in causing the plaintiff's injuries. The defendants are in a position to identify the approximately 10 officers who wielded the metal fence and pepper spray, and their commanders on the scene. The plaintiff will produce video evidence to the defendants that will be helpful in this process. At the requested pre-motion conference, the plaintiff will request that the Court extend the time to serve these individual defendants for a period sufficient to identify these primary wrongdoers, and to permit the plaintiff to file and serve a Second Amended Complaint naming those individuals (and only those individuals).

Respectfully submitted,

David A. Thompson

---

*Handwritten order:*

1) The Court clarifies that the City remains a defendant on the state law claims.

2) Plaintiff shall proffer to defense counsel and the Court a proposed amended complaint no later than April 10; and

3) The remaining issues raised above will be dealt with at the April 15 conference.

April 7, 2015

SO ORDERED

Loretta A. Preska
UNITED STATES DISTRICT JUDGE