## DAVID A. THOMPSON
## STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:    (212) 566-8000
FAX:    (212) 202-4952
DAVE@SCTLAW.NYC

October 14, 2015

**BY ECF**
Chief Judge Loretta A. Preska
District Court of the Southern District of New York
500 Pearl St.
New York, NY 10007

Re: <u>Pluma v. The City of New York</u>, 13-cv-2017 (LAP)

Dear Honorable Chief Judge Preska:

Today it came to my attention that the Office of Corporation Counsel considers its reply (docket no. 73) to the pending motion to dismiss (docket nos. 64-66, 73) to have been filed on behalf of individual officers who were not included in the notice of motion (or, indeed, mentioned in the reply itself).

The pending motion to dismiss was filed on behalf of The City of New York, and officers Meghan O'Leary, Carl Soreco, and Christopher Vega. Thus sayeth both the notice of motion, and the docket text entered by the Office of Corporation Counsel upon filing. (*See* docket no. 64 and docket text). The defendants' memorandum of law contained two and half pages of argument concerning the statute of limitations defense (docket no. 65, pp. 17-19), mentioning only officers Soreco, O'Leary and Vega (docket no. 65, p. 19).[1]

The plaintiff responded to the motion that was filed, addressing only arguments that were relevant to the parties that filed the motion (docket nos. 69, 71-72). Thus, the

---

[1] The sole hint that the argument might have been meant to apply to any other unnamed officers was the fact that it contained at least one material statement that was not true for the officers actually mentioned, where the memorandum of law said: "Here, there is no evidence to suggest that the individual officers had knowledge or should have known that this lawsuit would have been brought against them." In fact, officers Soreco, O'Leary and Vega had been timely sued and served with a complaint stating the same claims under a different index number (14-cv-9969), filed as the statute of limitations approached, and while the plaintiff's motion for leave to amend in this case remained undecided. (See docket no. 65, p. 19, fn.3). They had notice.

plaintiff only addressed issues or arguments relevant to The City of New York, and officers Meghan O'Leary, Carl Soreco, and Christopher Vega.

The defendants filed a reply memorandum of law (docket no. 73). The memorandum begins generically: "**Defendants** offer this reply memorandum..." (emphasis added; without saying which defendants). By email today, the Office of Corporation Counsel informed me that this reply was filed on behalf of not only the movant-defendants, but also on behalf of non-movant defendants Anthony Barbieri, Ramon Hernandez, Richard McGuire, Daniel O'Grady, Anthony Pons, Vincent Setteducato. ACC Andrew Lucas wrote me:

> I [p]ut the reply in on behalf of a number of them: Anthony Barbieri, Ramon Hernandez, Richard McGuire, Daniel O'Grady, Meghan O'Leary, Anthony Pons, Vincent Setteducato, Carl Soreco, The City of New York, Christopher Vega. I didn't realize it would need a separate appearance as well, but I guess a reply in support is not the same as a Notice of Motion or Answer for the ECF clerk's purpose.

There was, as Mr. Lucas said, no notice of appearance for these officers. The docket text for docket item 73 (the reply), indeed states that it was filed on behalf of the original movants plus other individuals: Anthony Barbieri, Ramon Hernandez, Richard McGuire, Daniel O'Grady, Anthony Pons, and Vincent Setteducato. This docket text was the sole indication, prior to Mr. Lucas' email, that these individual defendants had appeared (None of these individuals responded to the plaintiff's request pursuant to Rule 4(d) to waive service). Within the memorandum itself, the only individual defendants mentioned are "defendants Falcon, Duffy, John Doe Supervisors 1-4, Bellingeri and O'Grady." (*See* docket no. 73, p. 1). Thus, of these additional, belated 'movants,' the only one actually mentioned within the reply is O'Grady; while Falcon, Duffy, and Bellingeri are mentioned in the reply, but apparently have not appeared in the action.

As plaintiff's attorney, I read the reply without taking seriously those portions of it that purported to highlight my 'failure' to respond to the statute of limitations defenses of the defendants who were **not part of the motion**. As an example, the reply memorandum argues: "However, with respect to every other individual plaintiff [*sic*, referring to individual *defendants* other than Soreco, O'Leary and Vega] added [plaintiff's counsel] has presented no argument or law to justify their addition well after

2

the statute of limitations." (Docket 73, p. 1). Because of the email today, I know that the Office of Corporation Counsel's position is that, by joining in this reply *sub rosa*, defendants Anthony Barbieri, Ramon Hernandez, Richard McGuire, Daniel O'Grady, Anthony Pons, and Vincent Setteducato have 'moved' this Court for dismissal (one guesses on the basis of statute of limitations) and are entitled to dismissal. The reason the plaintiff, or plaintiff's counsel, did not argue why these non-movants were not entitled to relief is because **the non-movants did not move**. "Sufficient unto the day is the evil thereof," and the Federal Rules do not require opposition to motions that have not been made.

I don't wish to overburden this letter – which is meant to alert the Court to the existence of an issue, not litigate it -- with case law, but my belief is that both the law and basic fairness require that the plaintiff be given notice of who is moving for dismissal, and what their basis for the motion is. Without such notice, the plaintiff cannot possibly obtain even the justice of a well-adjudicated loss. According to the Office of Corporation Counsel, if I looked to the notice of motion to determine who the movants were, I was wrong; if I looked to the text of the motion papers to determine who the movants were, I was wrong; I should have looked at the docket text entered with the reply brief to determine who the movants were.

But this is simply not how motion practice works. The purpose of a notice of motion is to provide notice as to what must be responded to. *See Am. Family Mut. Ins. v. Roth*, 2007 U.S. Dist. LEXIS 60220 (N.D. Ill. Aug. 16, 2007). "Without a notice of motion, both the court and opposing counsel are left to speculate as to the exact nature and scope of relief which a party is seeking." *Fox v. Board of Trustees of State Univ.*, 148 F.R.D. 474, 481 (N.D.N.Y 1993) (holding that the party that "buried th[eir] request in their opposition memorandum of law" had not placed the issue "properly before the court."). Therefore, a party who has not moved in the notice of motion has not moved; a party cannot become a movant seeking relief by joining reply papers.

And, "[n]ew arguments first raised in reply papers in support of a motion will not be considered." *United States v. East River Hous. Corp.*, 2015 U.S. Dist. LEXIS 24924 (S.D.N.Y. Mar. 2, 2015) (*quoting Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) *aff'd*, 173 F.3d 843 (2d Cir. 1999). *Accord Mason Tenders Dist.*

3

*Council of Greater N.Y. v. Fortune Interiors Dismantling Corp.*, 2015 U.S. Dist. LEXIS 96538 (S.D.N.Y. July 23, 2015) ("It is improper in this district and this circuit to introduce new arguments in reply ... [and therefore] the Court does not consider this argument.").

If, as this case law shows, new arguments cannot be asserted on reply, how could new parties (with potentially multitudinous unique issues and arguments) enter and become part of a motion on reply? As I write this I have not yet found a court that was even asked to address this question – although admittedly I write in haste.

I hope that the Court will take notice of the fact that the plaintiff responded only to **the motion actually made**, which was a motion on behalf of The City of New York, and officers Soreco, O'Leary and Vega. However, the question remains of what must be done with these other defendants, who have appeared in this litigation (as Mr. Lucas stated), have not answered, and have not adequately asserted any defense. It may be that, by appearing without raising the defense of the statute of limitations, these defendants have waived that defense. It may be that by joining (ineffectually) a motion to dismiss, these defendants have waived the right to make another such motion, and must wait until summary judgment or trial for a final determination of whether their asserted defense is valid.

I don't know what the law says the correct answer to the procedural questions is, because I am writing this letter quickly, knowing that the Court may already be about to issue its decision. I believe, however, that whenever this issue is entertained by the Court, the Second Circuit's opinion in <u>Hogan v. Fischer</u>, 738 F.3d 509 (2d Cir. N.Y. 2013) will control, and all of these defendants will remain in the case.

I must tell the Court that I first learned about this issue because I communicated with Mr. Lucas concerning the fact that none of the defendants had responded to my Rule 4(d) requests for waiver of service. His prompt and collegial response let me know that – as to the defendants identified in the docket text of the reply (docket no. 73) -- I did not have to effect service because these individuals had already appeared. This saved work for me, and possibly costs for the City. It also had the effect of letting me know that the Office of Corporation Counsel considered that the memorandum of law in reply for the pending motion had been filed on behalf of these additional, unstated parties – something

4

which I had not known.  I'm grateful to Mr. Lucas for his forthrightness, and I don't mean, by anything I say here,to suggest that Mr. Lucas intentionally created this confusion for tactical effect.

The plaintiff wishes to resolve these issues with the minimal possible additional litigation.  The case law suggests certain ways this could be done.  However, I respectfully request a conference, by phone or in person, to discuss the best and most efficient way to resolve this issue with fairness to all sides.[2]

Sincerely,

David Thompson

cc:   Andrew Lucas, Esq.
      Assistant Corporation Counsel
      100 Church Street
      New York, N.Y. 10007

---

[2] Finally, following Benjamin Franklin, I must beg the Court's forgiveness: "I have already made this paper too long, for which I must crave pardon, not having now time to make it shorter." NEW EXPERIMENTS AND OBSERVATIONS ON ELECTRICITY MADE AT PHILADELPHIA IN AMERICA, *by Benjamin Franklin*, SECOND EDITION, PART I, [*Letter to Peter Collinson from Benjamin Franklin*; Dated July 29, 1750], Start Page 50, quote Page 82. Printed and sold by D. Henry and R. Cave, London (1754).

5