

**ZACHARY CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

*ANDREW LUCAS*
*Assistant Corporation Counsel*
E-mail: alucas@law.nyc.gov
Phone: (212) 356-2373
Fax: (212) 356-3509

October 15, 2015

**By ECF**
Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    <u>Robert Pluma, v. City of New York et al.</u>,
               13 CV 2017 (TPG)

Your Honor:

      Defendants submit this brief response to plaintiff's October 14, 2015, letter, docket entry [75]. Plaintiff submits a letter claiming that the reply was improperly submitted on behalf of several of the individual defendants in this action, and that the Court should disregard the Rule 12 motion as it relates to these individual defendants.

      Plaintiff overlooks critical facts in presenting this issue to the Court. As discussed in the reply papers, the individuals who defendants submitted the reply on behalf of were served after this motion to dismiss had been filed. This means that plaintiff is requesting to keep those individuals in the case using his own failure to serve prior to motion practice. That argument cannot be accepted in good faith.

      Plaintiff's counsel was necessarily aware that he had not completed service. In an email sent on October 11, 2015 at approximately 6:30 p.m. plaintiff's co-counsel stated "On my way to [world trade center] command. Lets see if I can serve[.]" He did manage to serve a number of defendants from that command who were subsequently part of the reply, however, that was four days after defendants were required to put in their Rule 12 motion. Defendants had no opportunity to submit the underlying motion on those individuals' behalf due to plaintiff's own inaction.

      Plaintiff also presents his failure to serve as the reason he did not present arguments in opposition to the underlying motion. Plaintiff is essentially arguing that the underlying motion to dismiss did not put him on notice of what issues it set forth. That fails as illogical at the

outset. However, as a practical matter it is necessary to turn to the untimely papers submitted in opposition. Plaintiff filed his opposition brief just after 3:00 a.m. the morning after it was due. He subsequently re-filed his opposition memorandum of law just after 1:00 p.m. the day after it was due once he had an opportunity to include tables of contents and tables of authorities.

Plaintiff's untimely opposition, submitted without regard to technical requirements, underscores that his failure to oppose elements of the motion to dismiss stems from him running out of time to work on the brief. Plaintiff's attempt to evade the arguments he missed by twisting the failure to serve on defendants is inauthentic.

Even if plaintiff was not on notice of the motion papers he was opposing, as demonstrated in the pre-motion conference and argued in the motion papers, plaintiff's theory with respect to his failure to supervise theory is flatly without merit. Plaintiff's argument with respect to the officers he alleges were on the barrier are similarly without merit, and regardless, apart from the issue of personal involvement, substantively identical to the arguments presented on behalf of Defendants O'Leary, Soreco, and Vega. These are the only arguments that could be potentially impacted by the parties he had not served. No arguments that plaintiff was not aware of were made, merely new parties brought in because plaintiff served them after the start of motion practice.

To summarize, plaintiff has served certain individual defendants after the start of motion practice and seeks to exclude the Court from considering them on the motion because of it. Plaintiff has declined to respond to certain points made very explicitly in the pre-motion conference and underlying motion, but seeks to be excused because, again, he failed to serve certain individual defendants. And plaintiff failed to submit a timely opposition, and even then failed to submit one that complied with the Court's individual rules, but argues that his incomplete, untimely, 3:07 a.m. brief omitted opposition to certain clearly and consistently presented arguments because he was not on notice of them. There is no lack of notice here, but any lack of notice stemmed from plaintiff's own failure to serve. In practice that is asking the Court to let plaintiff's failure to serve stand as a shield against meritorious motion practice.

Defendants respectfully request the Court deny plaintiff's request. Thank you for your consideration.

Very truly yours,

/s/
Andrew Lucas
Assistant Corporation Counsel
Special Federal Litigation Division