13 CV 2017 (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PLUMA,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, a municipal entity, et al.,

                              Defendants,

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

*ZACHARY CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel Andrew J. Lucas*
*Tel: (212) 356-2373*
*Matter No. 2013-011293*

i

# TABLE OF CONTENTS

TABLE OF CONTENTSTABLE OF AUTHORITIES ................................................................. i
TABLE OF AUTHORITIES ................................................................................................... ii
PLAINTIFF'S FAILURE TO SUPERVISE AND INTERVENE THEORY IS
WITHOUT MERIT ................................................................................................................. 3
PLAINTIFF'S CLAIMS AGAINST THE NEWLY ADDED DEFENDANTS MUST BE
DISMISSED AS UNTIMELY ................................................................................................ 5
CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

## CASES

Anderson v. Branen, 17 F.3d 552 (2d Cir. 1994) ............................................................. 5
Rogoz v. City of Hartford, 796 F.3d 236 (2d Cir. 2015) ................................................. 5
Sewell v. Bernardin, 795 F.3d 337 (2d Cir. 2015) ........................................................... 5

## STATUTES

Fed. R. Civ. P. 15(c)(1)(C) .............................................................................................. 3

Defendants offer this supplemental memorandum of law in accordance with the Court's order dated November 9, 2015, docket entry [81]. On July 14, 2015, the parties attended a pre-motion conference where the Court was shown video by both sides, and a Rule 12 motion was discussed. Following up on that conference the parties conferred and jointly submitted a proposed schedule requiring defendants to file their motion on August 7, 2015; opposition by September 3, 2015; and a reply by September 17, 2015. The Court so-ordered that joint schedule on July 29, 2015, docket entry [62].

Plaintiff's counsel requested service information for proposed defendants in the evening of July 13, 2015. Defendants provided that information on and before July 16, 2015. Subsequently, defendants filed their motion to dismiss per the Court ordered schedule, on August 7, 2015. Docket entry [64]. That motion was filed on behalf of the only three individual defendants who had been served at that point, Defendants Vega, Soreco and O'Leary. After defendants had filed their motion in accordance with the jointly proposed, so ordered schedule, plaintiff then served six additional individual defendants on or about August 11, 2015.[1]

Plaintiff was unable to file his opposition on September 3, 2015. Instead, plaintiff filed only an affirmation that attached 17 exhibits shortly before midnight. Docket entry [69]. At approximately 3:30 a.m. on September 4, 2015, plaintiff filed a memorandum of law and a second affirmation that attached only 7 exhibits. Docket entries [70-71]. Subsequently, in the early afternoon the day after his brief was due, plaintiff filed a memorandum of law that "corrected to add tables of contents and authorities as per individual rules." Docket entry [72].

---

[1] These included the individual defendants who filed the reply memorandum of law: Barbieri; Hernandez; McGuire; O'Grady; Pons; and Setteducato.

Defendants filed their reply brief on September 17, 2015, in accordance with the so-ordered schedule. Docket entry [73]. This reply was filed on behalf of the defendants who had been subsequently served and explicitly stated so on the Court's docket. Id.

Three weeks later plaintiff filed a letter complaining about these defendants being included in the reply brief. Docket entry [75]. Plaintiff blames defendants for timely filing the motion on behalf of the properly joined parties, but cannot bridge the connection between a failure to serve individual defendants, and their failure to appear in the lawsuit. Plaintiff also complains, incredibly, that he failed to respond to arguments plainly presented in defendants' motion papers because he was not on notice that he had to, as those individuals were not parties.

Plaintiff's failure to respond to the arguments in defendants' motion to dismiss stemmed not from some feigned lack of notice, but demonstrably because of plaintiff's inability to complete the motion. Plaintiff filed his opposition late and without taking the time to bring his papers into compliance with the Court's rules. To complain six weeks later that arguments were ignored as a tactical matter is a bald attempt to gloss over the failure to present a complete or timely opposition. This failure also renders plaintiff's complaints as moot. Even if the failure to oppose was due to a lack of notice or a tactical decision, plaintiff apparently lacked the time to draft any response to those arguments before the deadline anyway.

Subsequent to all briefing, and plaintiff's October 14, 2015 letter, plaintiff served the remaining individual defendants. This supplemental briefing, as well as the supplemental notice of motion, is offered on behalf of those defendants.[2]

No supplemental briefing is necessary with regard to any of plaintiff's state claims. Plaintiff's state claims were brought, in part, against the defendant City of New York.

---

[2] As listed in the November 9, 2015 notice of appearance, docket entry [80], that includes defendants Barbieri, Bellingeri, Duffy, Dunlop, Falcon, Hernandez, McGuire, O'Grady, O'Leary, Palomo, Pons, Setteducato, Soreco, Vega, White, and The City of New York.

Because the City of New York was included in the notice of motion, plaintiff had notice to oppose any arguments with respect to those claims. Still, with respect to several state claims plaintiff failed to oppose. Plaintiff's failure to oppose dismissal of those causes of action cannot stem from a feigned lack of notice and they should be deemed abandoned.

Plaintiff made either the scheduling, or tactical, decision not to oppose any arguments with respect to failure to intervene and failure to supervise causes of action. Plaintiff also never opposed the portions of the motion that explicitly argue that the proposed defendants are untimely under the statute of limitations and do not relate back under Fed. R. Civ. P. 15(c)(1)(C). As further set forth herein, plaintiff's claims in that regard must fail.

## PLAINTIFF'S FAILURE TO SUPERVISE AND INTERVENE THEORY IS WITHOUT MERIT

Plaintiff's failure to supervise theory is without merit. Plaintiff presents two theories for failure to supervise which were both explicitly argued in the underlying memorandum of law in this case.

The first is that defendants Falcon, Duffy and John Doe Supervisors 1-4 should have recognized that Officer Vega was unfit for duty following an incident with a non-party protestor. However, as plaintiff's counsel conceded while reviewing the video attached as Defendants' Exhibit F at the pre-motion conference, the incident that plaintiff alleges provided notice for the supervisors to act occurred over a minute after the incident involving plaintiff. Chronological stills attached to the declaration and filed on ECF as Exhibit F, docket [67-6] and [67-7], show first the incident where plaintiff was injured; and over a minute later, the non-party incident plaintiffs refer to. As plaintiff's pleadings are inaccurate and the supervisors could not be on notice to act from an event that had not yet occurred, this theory must be dismissed.

Plaintiff's second failure to supervise theory is set forth against Defendants Bellingeri, O'Grady, Duffy, and Falcon in ¶¶ 74-83.[3] However, plaintiff's theory fails as pled. The officers in question would have had no meaningful opportunity to intervene in a brief encounter that occurred over approximately ten seconds. Exhibit G 00:21-00:31. Plaintiff presents no explanation that details how those supervisors would have had a meaningful opportunity to intervene, let alone plausible allegations. Plaintiff presents numbered stills showing where numerous defendants were prior to this incident, but has tellingly failed to do the same for these supervisors. This theory also fails for a lack of notice as plaintiff's only attempt to support this theory is contradicted by incorporated video. Ex F. Plaintiff asserts that police were becoming undisciplined and aggressive over a period of time. Ex E ¶ 81. This bare allegation is unsupported, and regardless, insufficient to put any supervisor on notice that the short incident with a barricade involving plaintiff was imminent. Without any factual allegations to support this assertion, plaintiff's failure to supervise claim must be dismissed.

Plaintiff's Failure to Intervene claim focuses on these two failure to supervise theories. Ex E ¶¶ 135-144. However, it does assert, in a conclusory fashion, a failure to intervene theory against all defendant police officers. Ex E ¶¶ 137, 141. As plaintiff has failed to identify which, if any, officer he is asserting this theory against, let alone to plausibly present factual allegations that would reveal a meaningful opportunity to intervene to prevent the harm to plaintiff, this theory must similarly be dismissed. Rogoz v. City of Hartford, 796 F.3d 236, 251 (2d Cir. 2015)(quoting Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Here, in a short and sudden struggle between a crowd of angry protestors, and officers attempting to keep

---

[3] Sergeant Bellingeri was a detective at the time, not a supervisor. Plaintiff also alludes to other unidentified supervisors, and those claims must be dismissed. In Footnote 2 of their memorandum of law Defendants explicitly requested that the arguments set forth be extended to the supervisors who plaintiff had failed to identify, but regardless, plaintiff failed to address that argument.

barricades from being dragged away, it cannot be said that any individual officers had a meaningful or realistic opportunity to prevent the harm to plaintiff from occurring, let alone to speculate that it may be a constitutional violation against a person deeper in the crowd.

### PLAINTIFF'S CLAIMS AGAINST THE NEWLY ADDED DEFENDANTS MUST BE DISMISSED AS UNTIMELY

Plaintiff also ignored over three pages of legal argument that he has failed to timely add the new defendants within the statute of limitations because he had not served them, so they could not appear in the motion. This dodge does nothing to correct plaintiff's failure to timely amend and add these individuals to the case. The law is clear: "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." <u>Sewell v. Bernardin</u>, 795 F.3d 337, 342 (2d Cir. 2015) (citation omitted). Here the statute of limitations ran on January 1, 2015. At that point, plaintiff had not properly added any of the individual defendants, though had timely brought a separate action against Soreco, Vega, and O'Leary. Whether due to a lack of diligence or lack of knowledge, plaintiff's failure to amend to include these additional parties requires their dismissal.

### **CONCLUSION**

For the foregoing reasons, defendants respectfully requests that the Court dismiss Plaintiff's complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	December 9, 2015

    ZACHARY CARTER
    Corporation Counsel of the City of New York
    *Attorney for Defendant s*
    100 Church Street

New York, New York 10007
(212) 356-2373


By: _____/s/_____
    Andrew Lucas
    Senior Counsel
    Special Federal Litigation Division


TO:    The Honorable Loretta A. Preska
        United States District Judge
        Southern District of New York
        500 Pearl Street
        New York, NY 10007

        Dave Thompson
        Stecklow Cohen and Thompson
        217 Centre St, 6th Floor
        New York, NY 10013