IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ROBERT PLUMA,

              PLAINTIFF,

vs.

THE CITY OF NEW YORK, a municipal entity, et al.

              DEFENDANTS.

Index No. 13cv2017 (TPG)

Memorandum of Law
In Opposition

---

David A. Thompson, Esq. [dt3991]
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, NY 10013
Phone: (212) 566-8000
Fax:   (212) 202-4952

# TABLE OF CONTENTS

I. The Individual Defendants Should Not Be Dismissed ........................................................ 1

II. Failure to Intervene Claims Should Not Be Dismissed ..................................................... 3

III. Plaintiff's Response Regarding State Law Claims ............................................................ 5

# TABLE OF AUTHORITIES

**Cases**
*Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. N.Y. 1994) ...................................................... 4
*Hogan v. Fischer*, 738 F.3d 509, 518-519 (2d Cir. N.Y. 2013) .................................................. 2
*Rogoz v. City of Hartford*, 796 F.3d 236 (2d Cir. 2015) ........................................................... 4

**Statutes**
CPLR 1024 .................................................................................................................................. 3

**Rules**
Rule 15(c)(1)(A) ......................................................................................................................... 1
Rule 15(c)(1)(C) ......................................................................................................................... 1

The defendants filed an amended notice of motion and supplemental briefing ("Defendants' Brief") on behalf of defendants City of New York, Barbieri, Bellingeri, Duffy, Dunlop, Falcon, Hernandez, McGuire, O'Grady, O'Leary, Palomo, Pons, Setteducato, Soreco, Vega, and White. This is the plaintiff's response.[1]

## I. The Individual Defendants Should Not Be Dismissed

Defendants O'Leary, Soreco & Vega had notice of this cause of action no later than August 2014, when they were named in the plaintiff's August 6, 2014 proposed First Amended Complaint ("8/6/14 PFAC"), which was served in opposition to the defendants' first motion to dismiss. (Docket No. 12-4; 13-3). Furthermore, these defendants were named in the complaint in Index No. 14-cv-9969 (the "12/17/14 Complaint"), stating the same causes of action, which the defendants admit was timely served. (*See* Docket No. 66, p. 19, fn. 3). Service of the 12/17/14 Complaint gave these parties sufficient notice of the claims against them that under Rule 15(c)(1)(C) the later-served Second Amended Complaint ("SAC") in this case relates back as to them. In any case, if the claims against O'Leary, Soreco & Vega did not relate back, then these defendants would simply be in default (as of July 6, 2015) in case 14-cv-9969. The defendants' motion to dismiss these defendants from 13-cv-2017 serves no rational purpose.

The Second Circuit holds that federal Rule 15(c)(1)(A) incorporates by reference the relation back principles of New York State law. Specifically, Rule 15(c)(1)(A) incorporates C.P.L.R. § 1024, which "permit[s] John Doe substitutions *nunc pro tunc*" after the statute of limitations has expired. *Hogan v. Fischer*, 738 F.3d 509, 518-519 (2d

---

[1] In the proceedings before the Court on November 9, 2015, the Court made clear that it will determine this motion on its underlying merits, and not on the basis of who filed what documents when. Accordingly, the plaintiff will not respond to the arguments set forth by the defendants in pages 1-2 of Defendants' Brief, except to incorporate those arguments set forth in Docket Nos. 75 & 79.

Cir. N.Y. 2013) (citing state court decisions on C.P.L.R. § 1024). The Second Circuit explained: "To take advantage of § 1024, a party must meet two requirements. First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name. Second, the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Id.* at 519 (quotations omitted).

Diligence is demonstrated where, as here, the plaintiff filed suit and submitted discovery requests, even if the defendants (as here) did not identify the involved officers in their responses. See Hogan, 738 F.3d at 519. The plaintiff exhibited diligence by filing suit in March 2013, with 21 months still to run on the statute of limitations. The plaintiff diligently chose the federal forum, where Rule 26(a) would require the City of New York to disclose witnesses to the incident (including the unnamed participants) **without** any request by the plaintiff. In choosing the federal forum, the plaintiff understood that pursuant to local Rule 33.3, the names of witnesses and participants could be demanded of the defendants if they failed to comply with their Rule 26(a) obligations.[2] The plaintiff further understood that, under normal circumstances, cases in federal court move more quickly than those in the notoriously slow state courts.

Discovery went more slowly than normal for a federal case, because of a mediation, an extended period of time in which the Court considered a motion to dismiss, and other factors. However, the defendants are estopped to argue that the plaintiff was anything less than diligent. In signing the defendants' Rule 26(a) disclosures and the

---

[2] Defendants' initial disclosures, on July 17, 2013, identified no witnesses or participants in the incident. On January 27, 2014, the plaintiff submitted discovery demands seeking the disclosure of the identities of both witnesses to and participants in the incident. In response, the defendants identified only defendants Carl Soreco, Christopher Vega, and Meghan O'Leary.

responses to the plaintiff's discovery demands, counsel for the defendants represented that counsel performed a diligent search for the identities of participants and witnesses, and that such diligent search identified **only** defendants Soreco, Vega, and O'Leary. If the defendants were to argue now that greater diligence by the plaintiff would have identified the defendants sooner, such an argument would necessarily imply that the defendants' representations that they searched diligently for that information were false.[3]

The plaintiff also met the second criterion of CPLR 1024, properly describing the John Doe parties. As stated above, two officers (White and Setteducato) were named by their badge numbers in the First Amended Complaint proposed in August of 2014 and allowed to be filed on April 7, 2015. Within the NYPD, badge numbers are more unique than actual names – the can be a dozen "Officer Murphys," but a particular badge number is unique at any particular time.[4] The Court should hold that an officer named by badge number or tax ID is "named" for statute of limitations purposes. The other "John Doe" defendants were placed on notice by the description of the unique facts of the circumstances and their conduct.

## II. Failure to Intervene Claims Should Not Be Dismissed

The defendants are correct that Defendant Vega's unprovoked attack on a protestor (in which he attempted to hit a protestor in the head with a metal barricade) came **after** the incident which injured the plaintiff, and that any theory of liability based on the opposite chronology cannot be sustained.

---

[3] The plaintiff is not arguing that these representations **were** false, only that the defendants are estopped from contradicting their own prior representations.
[4] Officers' badge numbers change from time to time, usually every 2 to 3 years, but at any given time no two officers of the same rank bear the same number.

However, all of the defendants who have now been named were either: 1) among the officers who participated in lifting the barricade or spraying the plaintiff's group, or 2) were in the immediate vicinity of those officers at the time of the incident. As to this second group, the video before the Court shows that, **before** the incident in which the plaintiff was injured, there were other incidents in which the police pushed metal barriers into groups of protestors. The Court may refer to pages 8 -10 of the plaintiff's memo in opposition (Docket No. 72), and the exhibits cited therein, for discussion of these incidents. The video suggests that supervisory officers who were present, including the supervisory defendants, had sufficient notice of a breakdown in discipline among the police that they could have – and should have – acted to avert the incident that occurred.

Moreover, the Court's review of the video on this 12(c) motion is limited to a determination of whether the video conclusively refutes allegations of the complaint. The fact that the video (which doesn't give a complete account of everything that happened) supports rather than negates failure to intervene liability for officers at the scene means that it is premature to dismiss these claims at this time.

The authority cited by the defendants does **not** support dismissal at the pleading stage. In Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. N.Y. 1994), the court held: "Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." In the other case cited by defendants, a failure to intervene claim was dismissed upon a full factual record at summary judgment. *See Rogoz v. City of Hartford*, 796 F.3d 236 (2d Cir. 2015).

With respect to the officers who actually participated in wielding the metal barricade and pepper spray, there may not be much added to the case by pleading claims that these officers should have intervened in one another's torts, but there is also little to be gained in dismissing these claims at the pleading stage. If the Court concludes that the plaintiff states a claim for excessive force by these officers, then these officers will remain in the case, and there will be no harm done if we wait until summary judgment, when all the facts are in, to streamline the case by winnowing out redundant theories of liability.

### III. Plaintiff's Response Regarding State Law Claims

The defendants argue that the plaintiff has waived certain state law claims, coyly refraining from saying precisely which state law claims they are talking about. In sections VII and VIII of the plaintiff's opposition to the present motion (Docket No. 72), the plaintiff explained why his claims for assault, battery and negligence should not be dismissed. *Respondeat superior* is a theory of liability, not a cause of action, which persists if any state law cause of action remains in the case. The Court has already ruled that the City of New York remains subject to state law causes of action. (See Docket No. 30). That ruling is law of the case, and not subject to wavier.

The plaintiff does not oppose the defendants' motion to dismiss claims arising under the New York State Constitution.

DATED: NEW YORK, NY
December 23, 2015

BY: _____
David A. Thompson, Esq. [dt3991]
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, NY 10013
Phone: (212) 566-8000
Fax: (212) 202-4952