13 CV 2017 (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PLUMA,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, a municipal entity, et al.,

                              Defendants,

**REPLY SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

*ZACHARY CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel Andrew J. Lucas*
*Tel: (212) 356-2373*
*Matter No. 2013-011293*

i

# TABLE OF CONTENTS

TABLE OF CONTENTSTABLE OF AUTHORITIES ................................................................... i
TABLE OF AUTHORITIES ................................................................................................... ii
PLAINTIFF'S RELATION BACK ARGUMENT FAILS ............................................................ 1
PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED ............................ 2
PLAINTIFF'S STATE LAW ARGUMENT IS MERITLESS ...................................................... 3

# TABLE OF AUTHORITIES

## CASES

Bumpus v. New York City Tr. Auth., 883 N.Y.S.2d 99 (2d Dep't 2009)......................................... 1

Diaz v. City of New York, 2015 U.S. Dist. LEXIS 141711 (S.D.N.Y. Oct. 7, 2015)..................... 2

Gonzalez v. City of New York, 2015 U.S. Dist. LEXIS 151810 (S.D.N.Y. Nov. 9, 2015)........... 2

Sewell v. Bernardin, 795 F.3d 337 (2d Cir. 2015).......................................................................... 2

Temple v. New York Community Hospital of Brooklyn, 89 A.D.3d 926 (2d Dep't 2011) ........... 2

# PLAINTIFF'S RELATION BACK ARGUMENT FAILS

Plaintiff argues that Defendants O'Leary, Soreco and Vega had notice of his lawsuit, and that plaintiff showed diligence in adding them. Plaintiff has misled the Court about the timing of that identification. Defendants O'Leary and Soreco were identified to plaintiff by supplemental 26(a) disclosures by November 26, 2013. All three were identified in response to requests by March 19, 2014. Plaintiff instead chose to reject those discovery responses, which is perhaps why he took no action at that time. As set forth in Defendants' underlying Memorandum of Law, docket [65] footnote 3, defendants are willing to withdraw this argument on behalf of those 3 defendants to the extent plaintiff will dismiss his other 2 actions against them. Regardless, as the underlying motion to dismiss, docket [64], was filed on behalf of these 3 individuals, plaintiff has no good faith basis to set forth any additional argument on their behalf.

As it relates to the other 12 defendants plaintiff is trying to add after the statute of limitations[1] CPLR 1024, does not apply unless plaintiff can show diligence and adequate description to give notice. "[P]arties are not to resort to the 'Jane Doe' procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so[.] A second requirement unique to CPLR 1024 is that the "Jane Doe" party be described in such form as will fairly apprise the party that she is the intended defendant." Bumpus v. New York City Tr. Auth., 883 N.Y.S.2d 99, 104 (2d Dep't 2009). This burden falls on plaintiff. "The moving party [] has the added burden of establishing that diligent efforts were made to ascertain the unknown party's identity prior to the expiration of the statute of limitations." Id. 108.

---

[1] Defendants Barbieri, Bellingeri, Duffy, Dunlop, Falcon, Hernandez, McGuire, O'Grady, Palomo, Pons, Setteducato, and White

Despite having the burden plaintiff presents no argument to show his diligence except to state that he sent out discovery responses. Those were responded to and plaintiff raised no specific issue as it related to the John Does and never sought court intervention. In fact even when individuals who were present, *e.g.* Soreco, Vega and O'Leary, were identified plaintiff took no action on that information. This is insufficient as a matter of law. Diaz v. City of New York, 2015 U.S. Dist. LEXIS 141711, *12 (S.D.N.Y. Oct. 7, 2015) (citing Temple v. New York Community Hospital of Brooklyn, 89 A.D.3d 926, 928 (2d Dep't 2011) (finding a lack of diligence when discovery responses were inadequate and plaintiff claimed numerous attempts to identify but plaintiff never sought assistance from court)).

Similarly, plaintiff does not even attempt to argue that the additional 12 defendants were sufficiently described as John Doe parties with the exception of two individuals who he claims were identified by badge number. Thereafter, plaintiff argues that a badge number should suffice to describe a John Doe despite that number being shared for any of several officers within the NYPD simultaneously. He cites no case law. He presents no argument at all for the remaining 10 out of 12 officers, and his claims against them are barred under State or Federal law.[2]

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED

Plaintiff initially concedes that one of his failure to intervene theories as alleged is false. That claim and all associated defendants must be dismissed. Plaintiff refers to his own memorandum of law as 'evidence' that officers were pushing metal barriers into protestors,

---

[2] Plaintiff apparently concedes that any addition of the John Does is barred under Federal Law. "Under controlling Second Circuit precedent, Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."
Gonzalez v. City of New York, 2015 U.S. Dist. LEXIS 151810, *7 (S.D.N.Y. Nov. 9, 2015) (quoting Sewell v. Bernardin, 795 F.3d 337, 342 (2d Cir. 2015).

something contradicted by the video, and argues that video shows a break down in discipline that required intervention. Plaintiff presents no argument to indicate how the putative defendants should have been on notice of his purported breakdown, or how they could have known the particular instance involving plaintiff was set to occur. While plaintiff is correct that some of the cases cited did not relate to motions to dismiss, plaintiff still has an obligation to plausibly plead the elements of his claim. Merely knowing that individuals were on duty at a chaotic scene does not give rise, nor has plaintiff sufficiently pled, a constitutional violation by failure to intervene by any individual defendant.

That failure is particularly pronounced where, as here, plaintiff has taken the unusual step of numbering a photograph showing no more than six individuals touching the barricade, perhaps four more nearby, but attempts to name twenty one officers total. See Docket [54-1]. For plaintiff to plead against 21 officers while showing at most 10 nearby undercuts his claim that all named officers were in the vicinity or lifting the barricade. Further, as it relates to the supervisors named plaintiff's claim is just flatly untrue.

### PLAINTIFF'S STATE LAW ARGUMENT IS MERITLESS

As discussed in defendants' supplemental memorandum of law, plaintiff has no basis to present any new arguments with respect to his state law claims. Still, plaintiff presents a half formed thought, that his state law claims survive as law of the case. That ignores that the pending motion addresses the claims set forth in his newly amended complaint, iterations later, and after substantive additions to his pleadings, as well as his waiver in opposing previously.


Dated:  New York, New York
        January 7, 2015

3

ZACHARY CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant s*
100 Church Street
New York, New York 10007
(212) 356-2373


By: _____/s/_____
Andrew Lucas
Senior Counsel
Special Federal Litigation Division



TO: The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dave Thompson
Stecklow Cohen and Thompson
217 Centre St, 6th Floor
New York, NY 10013

4