N.Y.S.D. Case # 13-cv-2017(LAP)

16-1141
Pluma v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand seventeen.

PRESENT:  JON O. NEWMAN,
          DENNIS JACOBS,
                    *Circuit Judges*,
          LEWIS A. KAPLAN,*
                    *District Judge*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 10, 2017

- - - - - - - - - - - - - - - - - - - - -X
**ROBERT PLUMA,**
    *Plaintiff-Appellant*,

    -v.-                                          16-1141**

**CITY OF NEW YORK,**
    *Defendant-Appellee*.
- - - - - - - - - - - - - - - - - - - - -X

---

*  Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**  We respectfully direct the Clerk of Court to amend the caption.

1

CERTIFIED COPY ISSUED ON 04/10/2017

**FOR APPELLANT:**         DAVID A. THOMPSON, Esq., Stecklow & Thompson, New York, NY.

**FOR APPELLEE:**          MELANIE T. WEST (with Deborah A. Brenner on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART, VACATED IN PART** and **REMANDED**.

Robert Pluma appeals from the judgment of the United States District Court for the Southern District of New York (Preska, C.J.). Pluma sued the City of New York ("the City") and various police officers, asserting state and federal claims based on the police officers' allegedly unreasonable use of force during an "Occupy Wall Street" protest. After viewing video recordings of the pertinent events, the district court granted judgment on the pleadings in favor of the defendants. See Fed. R. Civ. P. 12(c). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of judgment on the pleadings in the same manner as we review a motion to dismiss for failure to state a claim. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). We generally accept all of the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and ask whether the complaint sets forth a plausible claim for relief under de novo review. See id.; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, we accept the factual allegations as true only "to the extent that they are not contradicted by . . . video evidence." Garcia v. Does, 779 F.3d 84, 87-88 (2d Cir. 2014).

**1.** Pluma contends that the district court should not have considered video evidence on a motion for judgment on the pleadings; defendants counter that, because Pluma's first amended complaint included video stills, the district court was entitled to view the six complete videos from

2

which the stills were taken.  We need not resolve this argument because we conclude that Pluma failed to adequately object to consideration of (at least) three of those videos, denominated Exhibits F, G, and L.  Consequently, the district court could consider those videos.

**2.**  Exhibits F, G, and L are sufficient to justify granting qualified immunity to the individual police officers with respect to Pluma's federal claims.  Although the district court granted judgment on the merits rather than on qualified immunity, this Court may affirm on any basis adequately supported by the record.  <u>Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.</u>, 30 F.3d 339, 343 (2d Cir. 1994). "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." <u>Garcia</u>, 779 F.3d at 92 (quotation marks omitted).  "[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." <u>Walczyk v. Rio</u>, 496 F.3d 139, 154 (2d Cir. 2007) (quotation marks omitted).

Exhibits F, G, and L show a tumultuous scene in the portion of Zucotti Park they depict.  Metal barricades that police had placed around the park had been dismantled.  Police were attempting to replace barricades, and at times protesters and police contended for possession of the barricades that some protesters were trying to move, including the barricade that caused Pluma's fall.  The videos also show that police used a spray, which the parties agree was pepper spray, when the barricade, having been raised into the air, posed a threat to the police and the protesters.

In such circumstances, qualified immunity shields the police officers from Pluma's federal claims.  <u>See</u> <u>Garcia</u>, 779 F.3d at 92.  At a minimum, it was "objectively reasonable" for a police officer dealing with a turbulent situation to believe that it was lawful to try to maintain physical control of the barricade, and to deploy pepper spray after it had been raised into the air.

**3.**  Qualified immunity applies only to individuals and therefore does not shield the City from Pluma's federal claims.  <u>Skehan v. Vill. of Mamaroneck</u>, 465 F.3d 96, 109 (2d

3

Cir. 2006), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008). However, municipalities may be held liable under § 1983 only if the plaintiff plausibly alleges that a city custom or policy caused his injury. See Askins v. Doe No. 1, 727 F.3d 248, 254 (2d Cir. 2013). Pluma does not allege that his injuries were caused by an illegal policy or custom. Consequently, the City is not liable to Pluma for any of his federal claims.

4. We do not consider Pluma's state-law claims. The district court concluded that most of Pluma's state-law claims must be dismissed in light of its determination that the police officers employed a reasonable amount of force. Because we affirm the dismissal of the federal claims on a different ground under a different standard, we vacate the district court's judgment as to all of Pluma's state law claims. On remand, the district court shall determine whether to exercise pendent jurisdiction over the state-law claims. See Klein & Co. Futures, Inc. v. Board of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court in part, **VACATE** it in part, and **REMAND** the case.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK